# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

**ERNESTO MARRERO FIGUEROA,**
**Plaintiff,**

**vs.**                                    **CIVIL NO. 98-1518 (DRD)**

**ADMINISTRACION DE CORRECION, et al.,**
**Defendants.**

## ORDER

On May 8, 1998, Plaintiff, Ernesto Marrero Figueroa, filed this lawsuit alleging violations under 42 U.S.C. § 1983 for denial of his request for a individual television in his cell and the denial of entrance to the library area on two (2) occasions while an inmate at the Puerto Rico Administración de Corrección (Guerrero de Guayama). (Docket No. 2). The Prison Litigation Reform Act ("PLRA"), provides in pertinent part that, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Plaintiff was required to exhaust all administrative remedies available to him and from the prisoner's form he failed to do so. See (Docket No. 2, p. 3). In fact, "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." Knuckles El v. Toombs, ___ F.3d ___, 2000 WL 767833 *1 (6th Cir. June 15, 2000); see McAlphin v. Morgan, ___ F.3d ___, 2000 WL 876588, *1 (8th Cir. June 28, 2000); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir.), cert. denied, 525 U.S. 833, 119 S.Ct. 88, 142 L.Ed.2d 69 (1998). Therefore, Plaintiff is hereby **ORDERED TO SHOW CAUSE by August 8, 2000** why this case should not be dismissed without prejudice for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). See Snider v. Melindez, 199 F.3d 108 (2d Cir. 1999) (District court has authority to dismiss prisoner's action, on its own motion, for failure to exhaust administrative remedies after notice and opportunity to be heard has been made.); Booth v. Churner, 206 F.3d 289 (3rd Cir. 2000); Brown v. Morgan, 209 F.3d 595, 596 (6th Cir. Apr. 7, 2000) ("This language [of section 1997e(a)] unambiguously requires exhaustion as a mandatory threshold requirement in prison litigation."); Massey v. Helman, 196 F.3d 727, 733 (7th Cir. 2000); Brown v. Sikes, 212 F.3d 1205, 1207-1210 (11th Cir. 2000); Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999); Rivera v. Garcia, 192 F.R.D. 57, 58-60 (D. P.R. 2000); Feliciano v. Servicios Correccionales, 79 F.Supp.2d 31 (D. P.R. 2000). No extensions of time shall be granted and will be summarily stricken. Failure to timely comply with the Court's order will result in dismissal of this case.

IT IS SO ORDERED.

**Date: July 18, 2000**                    **DANIEL R. DOMINGUEZ**
                                           **U.S. District Judge**